FILED
2021 May-14  AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDON McNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | _____ |
| THE SHERWIN-WILLIAMS | ) | JURY DEMAND |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

## I.   INTRODUCTION

1.   This is an action for legal and equitable relief to redress unlawful
discrimination based on race and retaliation against the plaintiff. The suit is
brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§
2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereinafter "Title
VII"), and 42 U.S.C. §1981 (hereinafter "§1981"), which provide for relief
against race discrimination in employment, including racial harassment, and
retaliation in employment, including retaliatory harassment. Through
supplemental jurisdiction, this Court's jurisdiction extends over the plaintiff's
related state law claim that the defendant violated the Alabama jury protection
statute. The plaintiff seeks a declaratory judgment, injunctive relief, and other

1

equitable remedies, including reinstatement and backpay, as well as compensatory and punitive damages, costs, attorneys' fees, and expenses.

## II.   JURISDICTION AND VENUE

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 2201, 2202, and 42 U.S.C. §2000e-5(f)(3). This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. §1367 in that they are so related to claims in the action that they form part of the same case or controversy.

3.   The unlawful employment practices alleged hereinbelow were committed by the defendant within Jefferson County, Alabama and within this district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(g).

4.   The plaintiff requests a jury trial on all equitable claims and defenses and all issues triable by a jury.

## III.   PARTIES

5.   The plaintiff, Brandon McNair (hereinafter "Plaintiff" or "McNair"), is an African American male citizen of the United States, is over the age of nineteen (19), and was a resident of the State of Alabama during the relevant time period. The plaintiff was employed by the defendant, The Sherwin-Williams Company, at all times relevant to this lawsuit.

2

6.      The defendant, The Sherwin-Williams Company (hereinafter "defendant" or "Sherwin-Williams"), is an employer subject to suit under Title VII and a person subject to suit under 42 U.S.C. §1981. The defendant has more than fifteen (15) employees and conducts business in Jefferson County, Alabama, which is in this district. The defendant was, at all times relevant to this action, the plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964 and is a person subject to suit under 42 U.S.C. §1981.

7.      The defendant, The Sherwin-Williams Manufacturing Company, Inc. (hereinafter "defendant" or "Sherwin-Williams"), is an employer subject to suit under Title VII and a person subject to suit under 42 U.S.C. §1981. The defendant has more than fifteen (15) employees and conducts business in Jefferson County, Alabama, which is in this district. The defendant was, at all times relevant to this action, the plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964 and is a person subject to suit under 42 U.S.C. §1981.

8.      The defendants, The Sherwin-Williams Company and The Sherwin-Williams Manufacturing Company, Inc., were a single integrated enterprise and were the plaintiff's employer according to Title VII and 42 U.S.C. §1981. The defendants are related entities with common ownership, share the same

physical location, and have the same registered agent and the same address for the service of process.

9.    In the alternative, the defendants, The Sherwin-Williams Company and The Sherwin-Williams Manufacturing Company, Inc. (hereinafter referred to collectively as "defendant" or "Sherwin-Williams"), were a joint operation and the plaintiff's employer according to Title VII and 42 U.S.C. §1981. These defendants are related entities, share the same physical location, and have the same registered agent and the same address for the service of process.

## IV.   ADMINISTRATIVE EXHAUSTION

10.   The has fulfilled all conditions precedent to the institution of this action under Title VII. The plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the occurrence of the last discriminatory act. The plaintiff timely filed this lawsuit within 90 days of the receipt of notice of right to sue from the EEOC.

11.   On or about January 15, 2020, the plaintiff timely filed a charge of discrimination with the EEOC (Charge Number: 420-2020-00922) alleging, *inter alia*, discrimination based on race and retaliation. Attachment 1.

12.   On or about February 19, 2021, the EEOC issued the plaintiff Notice of Right to Sue which is dated February 19, 2021, which the plaintiff received several

days later, and has timely filed this Complaint within 90 days of receipt of that notice. Attachment 2.

13. The plaintiff's claims of discrimination under 42 U.S.C. §1981 and state law claims do not require administrative exhaustion.

## V.   STATEMENT OF FACTS AND CLAIMS

14. The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

15. Mr. McNair was employed by the defendant, Sherwin-Williams, from December 19, 2019 until he was terminated on or about January 6, 2020.

16. The defendant hired Mr. McNair during December 2019.

17. On or about December 16, 2019, Mr. McNair began production work.

18. Almost immediately, a number of employees began harassing Mr. McNair by using racial slurs and making derogatory remarks which focused on his race, African American.

19. Examples of some comments made to Mr. McNair were "Black Brandon" and "n—er" or "stupid n—er".

20. McMcNair did not welcome these comments, and Mr. McNair communicated to these employees that he did not appreciate the comments.

21.   These employees also made derogatory comments about Mr. McNair's intelligence, for example, calling him stupid, claiming he could not read, and telling him that he was going to be fired soon.

22.   Dewayne LNU (African American) was Mr. McNair's direct supervisor. Dewayne was aware that these employees routinely made racist comments because he overheard some of the comments.

23.   Mr. McNair complained to Dewayne many times about the racist statements these employees made to him. Mr. McNair provided examples of the racist slurs and statements the employees made to him. Despite Mr. McNair's specific complaints, Dewayne failed to take any action to prevent further harassment.

24.   Dewayne responded that they always did that and to just to ignore them. Dewayne said: "Don't worry about it. They are trying to break you in."

25.   Mr. McNair also complained to Human Resources Manager Michael Richie (white) that employees were harassing him and using racist language. Mr. McNair provided examples of the racist slurs and statements the employees made to him. Despite Mr. McNair's specific complaints, which were sufficient to give Richie notice of the racial harassment, Richie failed to investigate or take any action to prevent further harassment.

26.   During December 2019, Mr. McNair received notice that he needed to report for jury duty.

27.   On December 30, 2019, Mr. McNair brought the notice to both Dewayne, who told him to take it to Richie (white), which he did.

28.   Mr. McNair asked Richie what, if anything, he needed to do. Richie told Mr. McNair that he should go to jury duty and come to work once he was released.

29.   Mr. McNair reported for jury duty on January 6, 2020, as required by the notice.

30.   While Mr. McNair was at jury duty, Mr. McNair e-mailed Richie about a work issue.

31.   Richie responded:

> "You were scheduled to be here today man. Since you didn't show up, we consider a NCNS [no-call/no-show] and that puts you at 3 points and thus we're gonna have to terminate employment. Sorry man, but it is what it is."

32.   This reason was false since Mr. McNair told both Dewayne and Richie about the notice when he received it one week earlier.

33.   After Mr. McNair was released from jury duty, he came to come to the office and tried to talk to Richie.

34.   Richie would not talk to Mr. McNair and acted like he was worried that Mr. McNair had a weapon on him.

35.     Richie had no reason to think Mr. McNair would bring a weapon to work or do anything to him.

36.     Defendant's reason for McNair's termination was pretext for race discrimination.

37.     McNair complained about the race discrimination several times and was retaliated against by being terminated.

38.     Despite McNair's complaints, Defendant failed to take corrective action, the conduct continued, and McNair was ultimately terminated.

39.     As a result of Defendant's conduct, Mr. McNair has suffered emotional distress, embarrassment, and humiliation.

40.     Defendant's actions were willful, with malice and with reckless disregard for Mr. McNair's rights.

## COUNT ONE: RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

41.     The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

42.     The defendant intentionally discriminated against the plaintiff on the basis of race with regard to promotions, job assignments, discipline, and other terms and conditions of employment, as outlined above.

43.   The defendant engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

44.   As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

## COUNT TWO: RETALIATION DISCRIMINATION (HARASSMENT) IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

45.   The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

46.   The defendant had actual and constructive knowledge of the discrimination and retaliation because the discrimination based on race and retaliation were open and obvious, but the defendants failed to take prompt action to correct or eliminate the discrimination and retaliation.

47.   The plaintiff engaged in protected activity when he complained to his supervisors and managers about race discrimination and retaliation.

48.   The plaintiff engaged in protected activity when he complained of racial harassment to his supervisor Dewayne.

49.   The defendant discriminated against the plaintiff on the basis of retaliation with respect to job assignments, discipline, other terms, conditions, and privileges of employment in violation of Title VII and 42 U.S.C. §1981.

50. The actions of the defendant created a hostile work environment for the plaintiff which was based on retaliation and was continuous in nature during her employment. The hostile work environment was a continuing violation pursuant to Title VII and 42 U.S.C. §1981.

51. The defendant's actions are causally related to the plaintiff's protected activity.

52. The defendant's explanations for its actions were a pretext for retaliation.

53. The defendant engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

54. As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

<u>COUNT THREE: RACE DISCRIMINATION (TERMINATION)<br>IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981</u>

55. The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

56. The defendant intentionally discriminated against the plaintiff on the basis of race in violation of Title VII and 42 U.S.C. §1981 when it terminated his employment.

57. The defendant engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

58.    As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

## COUNT FOUR: RETALIATION DISCRIMINATION (TERMINATION) IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

59.    The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

60.    The defendant intentionally discriminated against the plaintiff as retaliation for his protected activity in violation of Title VII and 42 U.S.C. §1981 when it terminated his employment.

61.    The defendant engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

62.    As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

## COUNT FIVE: ALABAMA JURY PROTECTION STATUTE

63.    The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

64.    The plaintiff provided the defendant with advance notice and documents proving that he was required to appear for jury duty.

65.    The plaintiff provided the defendant with subsequent notice and documents proving that he did in fact appear for jury duty and served as required by the

11

State of Alabama.

66.    The plaintiff reported for work on his next regularly scheduled hour after being dismissed from jury duty.

67.    The defendant terminated the plaintiff, which was an adverse employment action, even though he provided such notice or documents to the defendant and subsequently reported to work as required, in violation of Alabama Code §12-16-8.1, and which was retaliation for the plaintiff's jury service.

68.    As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

## VI.    PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant the plaintiff a declaratory judgment holding that the actions of the defendants described hereinabove violated and continue to violate the rights of the plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

2.    Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and on the defendants' behalf from continuing to violate Title VII of the

Civil Rights Act of 1964 and/or 42 U.S.C. §1981.

3.      Issue an injunction ordering the defendants not to engage in discrimination and acts which violate Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. §1981.

4.      Grant the plaintiff an order requiring the defendants to make the plaintiff whole by reinstating him in the position he would have occupied in the absence of the discrimination as set out herein, backpay (plus interest), compensatory, and punitive damages.

5.      The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/ H. Wallace Blizzard*
H. Wallace Blizzard (asb-8969-b59h)
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0593
wblizzard@wigginschilds.com

*Counsel for Plaintiff*

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK
JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ H. Wallace Blizzard*
OF COUNSEL

**Plaintiff requests this Honorable Court to issue the attached Summons for
Plaintiff to serve Defendant with the following: Summons, Complaint.**

**Defendant's Address:**
The Sherwin-Williams Company
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

The Sherwin-Williams Manufacturing Company, Inc.
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

*/s/ H. Wallace Blizzard*
OF COUNSEL